# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **TRAXYS NORTH AMERICA, LLC,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:10CV00029 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **CONCEPT MINING, INC.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Wade W. Massie, Penn, Stuart & Eskridge, Abingdon, Virginia, for Plaintiff; Robert J. Hannen, Eckert Seamans Cherin & Mellott, LLC, Canonsburg, Pennslvania, and Howard C. McElroy, McElroy, Hodges, Caldwell & Thiessen, Abingdon, Virginia, for Defendant.*

The plaintiff has prevailed in this breach of contract case, and the issues now are whether it is entitled to prejudgment interest and reimbursement of its attorneys' fees and other litigation expenses.

After a bench trial, I found that the plaintiff, Traxys North America, LLC ("Traxys") was entitled to recover from the defendant, Concept Mining, Inc. ("Concept") for breach of a written coal sales contract (the "Contract"). *Traxys N. Am., LLC v. Concept Mining, Inc.,* No. 1:10CV00029, 2011 WL 3734227, at *5 (W.D. Va. Aug. 25, 2011). I also found that Traxys had proved by a preponderance of the evidence that as a result of the breach it had sustained damages in the principal amount of $4,167,760. *Id.* at *12. The plaintiff has now

requested an award of prejudgment interest, together with its attorneys' fees and other litigation expenses. The issues have been fully briefed and are ripe for decision.

The issues are largely governed by the terms of the Contract, which provided that

> [u]nless excused by Force Majeure or Buyer's failure to perform, if Seller fails to deliver all or any part of the quantity of Coal to be delivered under a Transaction, Seller shall pay Buyer for each ton of such deficiency ("Deficiency") an amount equal to the positive difference, if any, obtained by subtracting the Contract Price for the Deficiency from the Replacement Price plus (i) any additional transportation costs incurred by Buyer due to such failure, and (ii) Legal Costs incurred by Buyer.
>
> . . . .
>
> Overdue payments shall bear interest from, and including, the payment due date to, but excluding, the date of payment of the unpaid portion at a rate equal to the lower of (i) the prime rate of interest for US Dollars as published from time to time under the section entitled "Money Rates" by The Wall Street Journal, plus two percent (2%) per annum or (ii) the maximum applicable lawful interest rate ("Interest Rate").

(Ex. 17, General Terms and Conditions ¶¶ 1(a), 4(b).)

Concept does not dispute that Traxys is entitled to an award of prejudgment interest at the rate set forth in the Contract. The parties agree that New York law applies to the Contract and New York law provides that a party who prevails on a breach of contract claim is entitled to prejudgment interest at the contract rate. *See Citibank, N.A. v. Liebowitz*, 487 N.Y.S.2d 368, 369 (App. Div. 2d Dep't 1985).

Accordingly, I find that Traxys has shown that it is entitled to prejudgment interest in the amount of $299,644.[1]

Concept does dispute that Traxys is entitled to attorneys' fees, expert witness fees, and non-expert witness travel expenses. It contends that the words "Legal Costs" as used in the Contract, which are otherwise undefined, mean only that the prevailing party is entitled to those costs which might be taxed under Federal Rule of Civil Procedure 54(d)(1). According to Concept, "Legal costs are Court costs; they are clearly distinguishable from attorney fees and litigation disbursements." (Mem. Opp'n 4.)

I disagree. I find that the plain meaning of "Legal Costs" as used in the Contract includes expenses incidental to litigation, such as attorneys' fees and disbursements, as well as expert witness fees. There would be no need to expressly provide in the Contract for the recovery of court costs to a prevailing party, since such costs would be recoverable as a matter of course. The additional recovery of "Legal Costs" in the Contract must include attorneys' fees and other normal litigation expenses. Thus, the inclusion of these words in the Contract overcomes the otherwise applicable American rule that attorneys' fees and

---

[1] Traxys' calculations show that it is entitled to prejudgment interest of $285,542 through August 31, 2011, plus a daily rate of $641 thereafter. (Schwartz Decl. ¶¶ 2, 3, Aug. 30, 2011.) Through today, the additional interest totals $14,102.

-3-

disbursements are not normally recoverable by the wining party. *See Green v. Potter*, 416 N.E.2d 1030, 1032 (N.Y. 1980) (recognizing American rule).

Concept does not contest the reasonableness of the attorneys' fees and disbursements sought or the amount of the expert witness fees. I find these amounts reasonable, in light of the factors that I must consider. *See Miller Realty Assocs. v. Amendola*, 859 N.Y.S.2d 258, 261 (App. Div. 2d Dep't 2008) (discussing factors to consider in determining reasonable attorneys' fees).

On the other hand, I will sustain Concept's objection to reasonableness of certain witness travel expenses. I find that it would not be appropriate to reimbursement Traxys the costs of a charter aircraft or business class air travel for these witnesses. *See* 28 U.S.C.A. § 1821(c)(1) (West 2006) (providing that a witness "shall utilize a common carrier at the most economical rate reasonably available"). While the statute applies to taxable costs and not, as here, to litigation costs recoverable by contract, Traxys nevertheless had a similar obligation to minimize its costs.

In light of the objection, Traxys has provided alternative coach air travel costs for these same trips, which I will apply in lieu of the higher costs sought.

For these reasons, I will award Traxys prejudgement interest in the amount of $299,644.00; attorneys' fees and disbursements in the amount of $196,626.77; expert witness fees in the amount of $46,600.42; and other witness travel expenses

in the amount of $4,647.00, for a total of $547,518.19. These amounts will be added to the principal amount of damages awarded and included in a separate final judgment to be entered forthwith.[2]

                                                DATED:   September 22, 2011

                                                /s/  James P. Jones
                                                United States District Judge

---

[2] Traxys has also filed a conditional Bill of Costs (ECF No. 112), representing that the amounts claimed therein were included in its request for Legal Costs and explaining that if Legal Costs are awarded, the Bill of Costs need not be taxed. Thus, the clerk is directed not to tax costs pursuant to the conditional Bill of Costs.